UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

RAUL A. LORENZO and all others
similarly situated under 29 U.S.C. § 216(b),

      Plaintiff(s),

vs.

BRYLER CORPORATION, a Florida Profit
Corporation, d/b/a 7-ELEVEN; MICHAEL L. WYLIE,
individually; and CHRISTINE P. WYLIE,
individually,

      Defendants.
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C. § 216(B))

Plaintiff, Raul A. Lorenzo ("Named Plaintiff"), on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), hereby files this Complaint against Defendants, Bryler Corporation ("Bryler"), Michael L. Wylie ("M. Wylie"), and Christine P. Wylie ("C. Wylie") (collectively referred to as "Defendants"), and alleges:

### JURISDICTION AND VENUE

1. Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and those similarly situated proper overtime compensation in violation of the FLSA.

2. Jurisdiction is conferred upon this Court by:

    a) 28 U.S.C. § 1331;

      b)      28 U.S.C. § 1367; and

      c)      29 U.S.C. § 216(b), which allows for a claim regarding violations of the FLSA to be brought in any court of competent jurisdiction.

3.      Venue is proper in the Southern District of Florida because:

      a)      Named Plaintiff and those similarly situated are/were employed in the Southern District of Florida by Defendants, who at all relevant times conducted, and continue to conduct, business in Palm Beach County; and

      b)      The acts that give rise to the claims by Named Plaintiff and those similarly situated occurred in the Southern District of Florida and because Defendants keep/kept an office for the transaction of their customary business in this district.

## PARTIES

4.      Named Plaintiff resides within the Southern District of Florida.

5.      Bryler is a business entity which, at all relevant times, conducts/conducted substantial and continuous business in this judicial district, and is subject to the laws of the State of Florida and the United States.

6.      M. Wylie is, and was, an owner and operator of Bryler, and conducted business in Palm Beach County, Florida during the relevant period.

7.      C. Wylie is, and was, an owner and operator of Bryler, and conducted business in Palm Beach County, Florida during the relevant period.

8.      Bryler operates as a convenience store under the franchise name 7-Eleven.

9.      7-Eleven's corporate website advertises Bryler's business.[1]

10.      At all relevant times, Defendants acted through their officers, agents, servants, and

---

[1] https://www.7-eleven.com/locations/fl/boca%20raton/831-e-palmetto-park-rd-35599.

employees, each of whom acted within the scope of their employment with Defendants.

11. Plaintiff began working for Defendants in 2015 and is currently employed by Defendants.

12. Plaintiff performs primarily non-exempt work for Defendants including handling the cash register, restocking shelves, unloading delivery trucks, organizing the cooler, and performing other manual labor at Defendants' 7-Eleven store located at 831 E. Palmetto Park Road, Boca Raton, Florida 33432.

13. Defendants were Named Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term is defined by 29 U.S.C. § 203 during the relevant period.

14. During all relevant times, Bryler is/was an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

15. In accordance with 7-Eleven policies and procedures, Named Plaintiff is required to wear a uniform consisting of a T-Shirt and name tag displaying the 7-Eleven emblem while on duty at Defendants' location.

16. Named Plaintiff and those similarly situated are/were employed by Defendants performing similar functions at all relevant times.

17. Named Plaintiff is an "employee" pursuant to 29 U.S.C. § 203(e)(1) of the FLSA, and is an employee of Defendants.

18. In addition to Named Plaintiff, there are other individuals who are either currently employed by Defendants or were formerly employed by Defendants and who are/were subject to Defendants' unlawful pay practices and policies.

19. At all relevant times, Bryler engaged in interstate commerce and has/had annual gross revenue in excess of $500,000.

20. At all relevant times, Defendants employed two or more employees that customarily and regularly sold and/or marketed and/or distributed its services and/or goods and/or services to customers throughout the United States and also provided its services for goods sold and transported across state lines of numerous other states.

21. Also, Defendants obtain/obtained and solicit/solicited funds from non-Florida sources, accept/accepted funds from non-Florida sources, use/used telephonic transmissions going over state lines to do business, transmit/transmitted funds outside the State of Florida, and otherwise regularly engage/engaged in interstate commerce.

22. Defendants use/used goods that move/moved in interstate commerce, such as materials and food used to sold at the 7-Eleven store to Defendants' customers.

23. At all relevant times, Defendants accept/accepted checks, wire transfers, and other forms of payments that are/were made or processed outside the State of Florida.

24. At all relevant times, Defendants failed to comply with the FLSA in that Named Plaintiff and those similarly situated perform/performed services for Defendants and are/were not paid overtime wages at the rate of time and one-half for all hours worked in excess of 40 hours in each workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of employees who perform(ed) similar functions for Defendants, are/were subject(ed) to Defendants' unlawful pay practices and policies, and who work(ed) for Defendants at any point in the three years preceding the date the instant action was filed (the members of this putative class are referred to as "Collective Plaintiffs").

26. Named Plaintiff and Collective Plaintiffs worked for Defendants in the Southern District of Florida at some point in the three years preceding the date the instant action was filed.

27. Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as discussed herein.

28. There are numerous similarly situated current and former employees of Defendants who worked overtime hours during the relevant time period without receiving overtime compensation, and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

29. Similarly situated current and former employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

30. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those similarly situated employees, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## STATEMENT OF FACTS

31. Named Plaintiff began working for Defendants at their 7-Eleven store in 2015 and is currently employed by Defendants at their 7-Eleven store.

32. Named Plaintiff and Collective Plaintiffs are current and/or former employees of Defendants who, within the three-year statute of limitations, have been or are presently employed by Defendants and perform(ed) similarly functions.

33. Named Plaintiff and Collective Plaintiffs regularly work/worked in excess of 40 hours per workweek.

34. Although Named Plaintiff's hours varied, he generally worked 79 to 115 hours per workweek.

35. Upon information and belief, Collective Plaintiffs also work/worked approximately the same number of hours per workweek.

36. Throughout Named Plaintiff's employment, Defendants had knowledge of Named Plaintiff's overtime hours, but purposefully failed to provide him complete and adequate overtime pay in violation of the FLSA.

37. In addition, Defendants manipulated their time records to reflect Named Plaintiff working less hours than he actually works/worked.

38. Upon information and belief, Defendants' pattern and practice of depriving some or all overtime compensation extended to other individuals at Bryler, including other similarly situated employees who work/worked overtime hours without being appropriately compensated.

39. Defendants failed to keep accurate time records for all hours worked by Named Plaintiff and Collective Plaintiffs.

40. Defendants failed to pay Plaintiff and Collective Plaintiffs based on the actual number of hours worked and at the proper rate.

41. Defendants' FLSA violations are/were willful and intentional.

42. Named Plaintiff, on behalf of himself and all other similarly-situated employees, consents to the filing of this action and has retained the undersigned legal counsel to prosecute this action on his behalf and has agreed to pay a reasonable fee for legal services.

**COUNT I**
**OVERTIME VIOLATIONS AGAINST BRYLER UNDER THE FLSA AS TO NAMED PLAINTIFF AND COLLECTIVE PLAINTIFFS**

43. Named Plaintiff and Collective Plaintiffs re-adopt each and every factual allegation

as stated in paragraphs 1 through 42 above as though fully recited herein.

44. Named Plaintiff and Collective Plaintiffs are entitled to be paid time and one-half for all hours worked in excess of 40 in each workweek.

45. Named Plaintiff and Collective Plaintiffs regularly work/worked in excess of 40 hours each workweek; however, Bryler failed to pay the overtime wage required by the FLSA.

46. The FLSA requires that Bryler pay the Named Plaintiff and Collective Plaintiffs time and one-half their hourly wage for all hours worked in excess of 40 hours per workweek.

47. At all relevant times, Bryler failed to comply with 29 U.S.C. §§ 201 – 219 and 29 C.F.R. §§ 516 *et seq.* in that Named Plaintiff and Collective Plaintiffs perform/performed services and work/worked for Bryler in excess of 40 hours per workweek, but no provision was made by Bryler to properly pay them at the rate of time and one-half for all hours worked in excess of 40 hours per workweek.

48. Bryler knows/knew or shows/showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and owe Named Plaintiff and Collective Plaintiffs overtime wages.

49. As such, Named Plaintiff and Collective Plaintiffs are entitled to recover liquidated damages under the FLSA as a result of Bryler's intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE**, Named Plaintiff and Collective Plaintiffs respectfully pray for the following relief against Bryler:

A. Adjudge and decree that Bryler violated the FLSA and did so willfully, intentionally, and with reckless disregard;

B.  Award Named Plaintiff and Collective Plaintiffs actual damages for unpaid overtime compensation;

C.  Award Named Plaintiff and Collective Plaintiffs liquidated damages;

D.  Award Named Plaintiff and Collective Plaintiffs the costs of this action, together with reasonable attorneys' fees;

E.  Award Plaintiff and Collective Plaintiffs all recoverable interest;

F.  Grant Named Plaintiff and Collective Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### OVERTIME VIOLATIONS AGAINST M. WYLIE UNDER THE FLSA AS TO NAMED PLAINTIFF AND COLLECTIVE PLAINTIFFS

50.  Named Plaintiff and Collective Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 42 above as though fully recited herein.

51.  During the relevant period, M. Wylie was an Executive Officer and owner of the corporate Defendant, Bryler.

52.  During the relevant period, M. Wylie operated, oversaw, and controlled the day-to-day activities of Bryler, had supervisory authority over Named Plaintiff and Collective Plaintiffs, had knowledge of the hours worked by Named Plaintiff and Collective Plaintiffs, and was partially or totally responsible for paying Named Plaintiff's and Collective Plaintiffs' wages for the hours he/they worked.

53.  M. Wylie was Named Plaintiff's and Collective Plaintiffs' employer, joint employer, or co-employer for purposes of the FLSA, as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

54. During his/their employment with Defendants, Named Plaintiff and Collective Plaintiffs' work/worked overtime hours for which he/they is/are/were not compensated at a rate of time-and-a-half his/their regularly rate of pay as required by the FLSA.

55. Named Plaintiff and Collective Plaintiffs' are owed unpaid overtime compensation pursuant to the FLSA for all hours worked in excess of 40 in a workweek.

56. M. Wylie is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of intentional and willful violations of the FLSA.

**WHEREFORE**, Named Plaintiff and Collective Plaintiffs respectfully pray for the following relief against M. Wylie:

A. Adjudge and decree that M. Wylie violated the FLSA and did so willfully, intentionally, and with reckless disregard;

B. Award Named Plaintiff and Collective Plaintiffs actual damages for unpaid overtime compensation;

C. Award Named Plaintiff and Collective Plaintiffs liquidated damages;

D. Award Named Plaintiff and Collective Plaintiffs the costs of this action, together with reasonable attorneys' fees;

E. Award Plaintiff and Collective Plaintiffs all recoverable interest;

F. Grant Named Plaintiff and Collective Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### OVERTIME VIOLATIONS AGAINST C. WYLIE UNDER THE FLSA AS TO NAMED PLAINTIFF AND COLLECTIVE PLAINTIFFS

57. Named Plaintiff and Collective Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 42 above as though fully recited herein.

58. During the relevant period, C. Wylie was an owner of the corporate Defendant, Bryler.

59. During the relevant period, C. Wylie operated, oversaw, and controlled the day-to-day activities of Bryler, had supervisory authority over Named Plaintiff and Collective Plaintiffs, had knowledge of the hours worked by Named Plaintiff and Collective Plaintiffs, and was partially or totally responsible for paying Named Plaintiff's and Collective Plaintiffs' wages for the hours he/they worked.

60. C. Wylie was Named Plaintiff's and Collective Plaintiffs' employer, joint employer, or co-employer for purposes of the FLSA, as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

61. During his/their employment with Defendants, Named Plaintiff and Collective Plaintiffs work/worked overtime hours for which he/they is/are/were not compensated at a rate of time-and-a-half his/their regularly rate of pay as required by the FLSA.

62. Named Plaintiff and Collective Plaintiffs are owed unpaid overtime compensation pursuant to the FLSA for all hours worked in excess of 40 in a workweek.

63. C. Wylie is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of intentional and willful violations of the FLSA.

**WHEREFORE**, Named Plaintiff and Collective Plaintiffs respectfully pray for the following relief against Palermo Wylie:

A. Adjudge and decree that C. Wylie violated the FLSA and did so willfully, intentionally, and with reckless disregard;

B. Award Named Plaintiff and Collective Plaintiffs actual damages for unpaid overtime compensation;

    C.    Award Named Plaintiff and Collective Plaintiffs liquidated damages;

    D.    Award Named Plaintiff and Collective Plaintiffs the costs of this action, together with reasonable attorneys' fees;

    E.    Award Plaintiff and Collective Plaintiffs all recoverable interest;

    F.    Grant Named Plaintiff and Collective Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### BREACH OF CONTRACT AGAINST BRYLER FOR UNPAID WAGES AS TO NAMED PLAINTIFF

64. Named Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 24 and 31 through 42 above as though fully recited herein.

65. In May of 2017, Named Plaintiff and Bryler entered into a verbal contract under which Bryler, through promises made by M. Wylie, agreed to pay Named Plaintiff a monthly cash bonus of $150 in exchange and consideration for Named Plaintiff handling most of the manual labor at the 7-Eleven store, including organizing the cooler.

66. Named Plaintiff agreed to and accepted Bryler's offer.

67. Bryler has not paid Named Plaintiff his earned monthly bonus for any month in 2020, including January, February, and March of 2020.

68. As such, Bryler breached its contractual obligations to Named Plaintiff by not paying him his monthly bonus and as of the date of the filing of this Complaint, owes Named Plaintiff at least $450 in earned bonuses for the months from January through March of 2020.

69. As a direct and proximate result of Bryler's breach of its contractual obligations to pay Named Plaintiff his earned wages in the form of bonuses, Named Plaintiff has suffered damages in the amount of at least $ 450.

11

70. Named Plaintiff's damages continue to accrue to the extent Bryler fails to pay him any additional earned monthly bonus during his employment.

71. In addition, as this is an action to recover unpaid wages, Named Plaintiff is entitled to recover from Bryler his reasonable attorneys' fees pursuant to Fla. Sta. § 448.08.

**WHEREFORE**, Named Plaintiff respectfully prays for the following relief against Bryler:

A. Enter judgment in favor of Named Plaintiff;

B. Award Named Plaintiff damages for breach of contract, including unpaid wages;

C. Award Named Plaintiff reasonable attorneys' fees and costs pursuant to Fla. Stat. § 448.08;

D. Award Named Plaintiff all recoverable interest;

E. Grant Named Plaintiff such additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Named Plaintiff and Collective Plaintiffs hereby demand a jury trial of all issues so triable.

Dated: April 16, 2020

Respectfully submitted,

**BT LAW GROUP, PLLC**
3050 Biscayne Blvd., Suite 205
Miami, Florida 33137
Tel: (305) 507-8506

By: *s/ Anisley Tarragona*
**ANISLEY TARRAGONA, ESQ.**
Florida Bar No. 51626
anisley@btattorneys.com
**JASON D. BERKOWITZ, ESQ.**
Florida Bar No. 0055414
jason@btattorneys.com

Attorneys for Plaintiff